# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CHARLES CRENSHAW,<br>    Petitioner, | Civil Action No. 1:07-cv-575 |
| vs. | Beckwith, J.<br>Black, M.J. |
| RONALD HART, WARDEN,<br>    Respondent. | REPORT AND<br>RECOMMENDATION |

Petitioner, a state prisoner, brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The case is now before the Court upon the petition (Doc. 1), respondent's return of writ and exhibits thereto (Doc. 6), and petitioner's traverse to the return of writ. (Doc. 7).

## I.    PROCEDURAL HISTORY

Petitioner was indicted by the Hamilton County Grand Jury on one count of possession of marijuana as defined in Ohio Revised Code § 2925.11(A), with a firearm specification; two counts of trafficking in marijuana as defined in Ohio Revised Code § 2925.03(A)(1) and (2), each with a firearm specification; one count of having weapons while under disability as defined in Ohio Revised Code § 2923.13(A)(3); and one count of conspiracy as defined in Ohio Revised Code § 2923.01(A)(2). (Doc. 6, Exh. 1).

On January 6, 2005, petitioner entered a negotiated plea of guilty to one count of possession of marijuana, one count of trafficking in marijuana, and one count of having weapons while under disability. (Doc. 6, Exh. 2; Exh. 13, Tr. 6-7). The plea included an agreed sentence of eight years. *Id.* Consistent with the agreed sentence, the trial court sentenced petitioner to concurrent sentences of eight years for possession of marijuana, eight years for trafficking in marijuana, and one year for having weapons while under disability, for a total of eight years. (Doc. 6, Exh. 3, Exh. 13, Tr. 19-20).

Petitioner did not pursue an appeal as of right from his conviction and sentence. On September 13, 2006, petitioner filed a motion for leave to file a delayed appeal to the Ohio Court of Appeals, First Appellate District, from the trial court's judgment of conviction and sentence. (Doc. 6, Exh. 4). The State filed a memorandum in opposition. (Doc. 6, Exh. 5). On October 5, 2006, the Court of Appeals denied petitioner's motion on the ground that he "failed to provide sufficient reasons for failure to perfect an appeal as of right." (Doc. 6, Exh. 6). The Court of Appeals further noted that petitioner was sentenced pursuant to an agreed sentence. *Id*.

Petitioner timely appealed to the Supreme Court of Ohio. (Doc. 6, Exh. 7). In his memorandum in support of jurisdiction, petitioner raised the following proposition of law:

> 1. It is a denial of the absolute right to procedural due process of law for a court of appeals to overrule a motion for leave to appeal in lieu of record evidence that the defendant waived his right to appeal and the right to court appointed counsel for such an appeal. *Douglas v. California*, 372 U.S. 353, 83 S.Ct. 814, L.Ed. 2d 811 [1963]; *State v. Sims*, [1971], 27 Ohio St. 2d 79, 272 N.E. 2d 87, applied.
>
> 2. Defendant-appellant's nine year sentence is void where the trial court made and used judicial factfindings to enhance his sentence which prevented appellant from receiving the shortest prison term of two years as mandated by Ohio Revised Code § 2929.14(B), in violation of appellant's absolute right to procedural due process of law. Referencing: *McMillan v. Pennsylvania*, [1986] 106 S.Ct. 2411; *Apprendi v. N.J.*, 120 S.Ct. 2348 [2000], *Blakely v. Washington*, 124 S.Ct. 2531 [2004]; *State v. Foster*, [2006] 109 Ohio St. 3d 1, 845 N.E. 2d 740, constued (sic).
>
> 3. Defendant-appellant has been deprived of his absolute right to procedural due process of law where he was sentenced to a eight year judgment of sentence without the State having proved any sentence enhancers beyond a reasonable doubt, thereby implicitly acquitting appellant.
>
> 4. Defendant-appellant's sentence must be reduced to the maximum/minimum sentence of two (2) years notwithstanding the dicta opinion of *State v. Foster* (2006) 109 Ohio St. 3d 1, in order not to violates the ex post facto and double jeopardy clause of the Ohio and United States Constitution.

(Doc. 6, Exh. 8). On February 28, 2007, the Supreme Court of Ohio denied leave to appeal and

dismissed the appeal as not involving any substantial constitutional question. (Doc. 6, Exh. 9).

On July 25, 2007, petitioner commenced the instant federal habeas corpus action. (Doc. 1).

In the petition, petitioner asserts four grounds for relief:

> **GROUND ONE:** Ohio Court of Appeals deprived petitioner his absolute right to procedural due process of law.
>
> Supporting Facts: Although Ohio common law mandates that motion for delayed appeal could not be denied without factual determination that petitioner waived right to appeal and counsel for such appeal, Ohio Court of Appeals denied appeal anyway in violation of absolute right to procedural due process of law per 14th Amendment to the U.S. Constitution.
>
> **GROUND TWO:** Sentence void under 6th and 14th Amendment to U.S. Constitution.
>
> Supporting Facts: State trial judge made and used judicial factfindings to enhance sentence beyond statutory maximum sentence in violation of *Blakely v. Washington*, 124 S.Ct. 2531 (2004).
>
> **GROUND THREE:** Ineffective assistance of trial counsel.
>
> Supporting Facts: Trial counsel ineffective for inducing petitioner to agreed to a sentence that was contrary to law and unauthorized under the *Apprendi-Blakely* rule.
>
> **GROUND FOUR:** Relief in federal habeas corpus must be made permanent under due process and equal protection clauses.
>
> Supporting Facts: Where this federal habeas court grants relief but merely remands for resentencing then petitioner will be subjected to ex post facto and double jeopardy violations in light of *State v. Foster*, (2006) 109 Ohio St. 3d 1.

(Doc. 1).

## II. STANDARD OF REVIEW

On federal habeas review, the factual findings of the state appellate court are entitled to a presumption of correctness in the absence of clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This Court is bound by the state court adjudications unless those decisions are contrary to or an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"), a writ of habeas corpus may not issue with respect to any claim adjudicated on the merits in state court unless the adjudication either:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> The phrases "contrary to" and "unreasonable application" have independent meanings: A federal habeas court may issue the writ under the 'contrary to' clause if the state court applies a rule different from the law set forth in . . . [Supreme Court] cases, or if it decides a case differently that we have done on a set of materially indistinguishable facts. The court may grant relief under the 'unreasonable application' clause if the state court correctly identifies the governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies it to the facts of a particular case. The focus on the latter inquiry is whether the state court's application of clearly established federal law is objectively unreasonable . . . and an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002)(citation omitted).

However, if a state court does not articulate the reasoning behind its decision or fails to address the constitutional issues, the federal court must look at the state court's decision and conduct an independent inquiry into whether the state court reached a decision contrary to clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented. *Schoenberger v. Russell,* 290 F.3d 831, 835 (6th Cir. 2002); *Harris v. Stovall,* 212 F.3d 940, 943 & n. 1 (6th Cir. 2000), *cert. denied*, 532 U.S. 947 (2001). The review is not a full *de novo* review of the claims, but is deferential to the state court's determination. *Id.* Since the Ohio Court of Appeals summarily denied petitioner's motion for a delayed appeal, and the Supreme Court of Ohio declined jurisdiction to consider petitioner's appeal, there is no court decision to evaluate in light of 28 U.S.C. § 2254, and the Court therefore will conduct its own deferential review.

**III. GROUND ONE OF THE PETITION IS WITHOUT MERIT**

Ground One of the petition asserts that the Ohio Court of Appeals denied petitioner his procedural due process rights when it denied petitioner's motion for leave to file a delayed appeal without a factual determination that petitioner waived his right to appeal and right to counsel for such appeal as required by Ohio law.

To the extent petitioner alleges the Ohio Court of Appeals erred by not following Ohio law when it denied his motion for delayed appeal, this allegation of error fails to give rise to a cognizable constitutional claim subject to review in this federal habeas proceeding. A federal court may review a state prisoner's habeas petition only on the ground that the challenged confinement violates the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law." 28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Estelle v.*

*McGuire,* 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"). In addition, the Sixth Circuit has held that "habeas corpus is not the proper means by which prisoners should challenge errors or deficiencies in state post-conviction proceedings." *Greer v. Mitchell,* 264 F.3d 663, 681 (6th Cir. 2001) (citing *Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986)). Federal habeas review is not available to attack the legality of post-conviction proceedings because such proceedings are not related to a petitioner's detention. *Kirby,* 794 F.2d at 247 (6th Cir. 1986); s*ee also Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Alley v. Bell,* 307 F.3d 380, 387 (6th Cir. 2002). Petitioner's claim "must directly dispute the fact or duration of the confinement." *Kirby*, 794 F.2d at 248 (citing *Prieser v. Rodriguez,* 411 U.S. 475, 500 (1973)). A ground for relief that challenges the correctness of a state judicial proceeding and does not dispute the detention itself is not cognizable. *See Kirby,* 794 F.2d at 247-48.

Petitioner's claim that the Ohio Court of Appeals improperly denied his motion for delayed appeal under Ohio Appellate Rule 5(A) addresses a collateral matter that is unrelated to petitioner's detention. *Korbel v. Jeffreys*, 2007 WL 3146248, *3 (S.D. Ohio 2007). Therefore, his claim is not cognizable in federal habeas corpus.

Nor does petitioner's claim implicate federal constitutional concerns under the Due Process Clause. The decision to grant or deny a motion for leave to file a delayed appeal under Ohio App. Rule 5(A) is solely within the discretion of the Ohio Court of Appeals. *Granger v. Hurt*, 215 Fed. Appx. 485, 494-95 (6th Cir. Feb. 8, 2007) (not published in Federal Reporter). In *Granger*, the Sixth Circuit rejected the contention that a denial of a motion for delayed appeal, where the appellant complied with the requirements of Rule 5(A), violated his right to due process. *Granger*,

215 Fed. Appx. at 494-95.[1]  Therefore, the Ohio Court of Appeals' denial of petitioner's motion for leave to file a delayed appeal does not, in itself, amount to a violation of due process.

Finally, to the extent petitioner argues he was not informed of his appeal rights, his claim is without merit.  Although the Constitution does not require states to grant appeals as of right to criminal defendants seeking review of alleged trial errors, once a state does provide the right to appeal following a criminal conviction, the appeal process must comport with the Fourteenth Amendment's guarantees of due process and equal protection. *Evitts v. Lucey,* 469 U.S. 387, 393, 403 (1985); *see also Douglas v. California*, 372 U.S. 353, 356-57 (1963); *Griffin v. Illinois*, 351 U.S. 12, 18 (1956); *cf. Halbert v. Michigan,* 545 U.S. 605, 610, 616-23 (2005) (holding that the Due Process and Equal Protection Clauses require the appointment of counsel for indigent defendants seeking first-tier review of guilty or *nolo contendere* pleas in the intermediate state court of appeals, whose function is to review and "correct errors made by the lower courts," even though such review is discretionary under state law).

It is well-settled that the Constitution is violated if a criminal defendant is denied an appeal "by reason of his lack of knowledge of his right and the failure of his counsel *or* the court to advise him of his right to appeal with the aid of counsel." *Goodwin v. Cardwell,* 432 F.2d 521, 522-23 (6th Cir. 1970) (emphasis added); *see Henderson v. Cardwell,* 426 F.2d 150, 154 (6th Cir. 1970); *Hall v. Yanai,* 197 Fed. Appx. 459, 460 (6th Cir. Sept. 27, 2006) (not published in Federal Reporter), *cert. denied,* 127 S.Ct. 2944 (2007).  *See also Wolfe v. Randle*, 267 F. Supp.2d 743, 746-748 (S.D. Ohio 2003) ("[D]ue process is offended when a defendant who pled guilty is kept completely ignorant of his appellate rights.").  In the context of a motion for delayed appeal, due process is only implicated

---

[1] Ohio App. Rule 5 states in pertinent part that "[a] motion for leave to appeal shall be filed with the court of appeals and shall set forth the reasons for the failure of the appellant to perfect an appeal as of right. . . ."

"when the delayed appeal is the result of a lower court's failure to ensure than an indigent defendant's appellate rights are protected." *Wolfe,* 267 F. Supp.2d at 747.

In this case, petitioner was advised of right to appeal in writing and orally by the trial judge at the plea and sentencing hearing. (Doc. 6, Exh. 13 at Tr. 23). Petitioner signed a guilty plea agreement indicating he had been advised of his right to appeal and the time limit for filing an appeal:

> I understand the nature of these charges and the possible defenses I might have. I am satisfied with my attorney's advise, counsel, and competence. I am not under the influence of drugs or alcohol at this time. I have not been forced or threatened in any way to cause me to sign and offer this plea.
>
> I understand by pleading guilty I give up my constitutional rights to a jury trial, to confront witnesses against me, to have subpoenaed witnesses in my favor, and to require the state to prove my guilt beyond a reasonable doubt at a trial at which I cannot be compelled to testify against myself.
>
> I understand that my plea of guilty is a complete admission of my guilt of the charge(s). I know the judge may either sentence me today or refer my case for a presentence report. *I understand my right to appeal a maximum sentence; my other limited appellate rights; and that any appeal must be filed within 30 days of my sentence.*

(Doc. 6, Exh. 2 at 2) (emphasis added). In addition, the guilty plea and sentencing transcript confirms that petitioner read, understood, and discussed with his counsel the guilty plea entries cited above. (Doc. 6, Exh. 13 at Tr. 8-9, 15-16). Petitioner confirmed he signed the form and that he read through the form before he signed it. (Doc. 6, Exh. 13 at Tr. 16). Petitioner stated on the record that he was satisfied with his attorney's advice and counsel. (Doc. 6, Exh. 13 at Tr. 9). The trial court also advised petitioner:

> Finally, I need to advise you that you have a right to appeal. If you are unable to pay the cost of an appeal, you have a right to appeal without payment. If you're unable to obtain counsel for an appeal, counsel will be appointed without cost. If you're unable to pay the cost of documents necessary for an appeal, the documents will be

provided to you without cost.

(Doc. 6, Exh. 13 at Tr. 23). The record demonstrates that petitioner was informed and aware of his appellate rights.

Petitioner nevertheless argues that he was not informed of *all* of his appeal rights, including his right to appeal a sentence unauthorized by law. Petitioner alleges that a review of the Guilty Plea/Agreed Sentence form shows the only appeal rights of which he was specifically informed were his right to appeal the imposition of a "maximum" sentence and unspecified "other limited" appellate rights. (Doc. 6, Exh. 2). He contends that since he was not given the "maximum" sentence, he was not aware of the right to appeal a sentence that was "contrary to law" or "unauthorized" by law pursuant to Ohio Rev. Code § 2953.08(A)(4) and (D). (Doc. 7 at 2). He argues that his "agreed to sentence" was not "authorized by law" because it violates the dictates of *Blakely v. Washington*, 542 U.S. 296 (2004) since the trial court imposed a non-minimum sentence based on facts not admitted to by petitioner nor found beyond a reasonable doubt by a jury.

Petitioner's argument is premised on the mistaken belief that he had a right to appeal his sentence pursuant to state law. However, under Ohio law, a sentence which is agreed to by both the prosecution and the defendant, authorized by law, and actually imposed by the sentencing judge is not subject to appellate review. *State v. Mathis*, 109 Ohio St.3d 54, 59, 846 N.E.2d 1, 6 (2006); *State v. Porterfield*, 106 Ohio St.3d 5, 829 N.E.2d 690, 691 (2005) (syllabus); Ohio Rev. Code § 2953.08(D)[2]. "A jointly recommended sentence is 'authorized by law' if the sentence does not exceed the maximum sentence that the statute permits a trial court to impose."*Rockwell v. Hudson,*

---

[2] Ohio Revised Code § 2953.08 provides in pertinent part:

(D) A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

9

2007 WL 892985, 6 (N.D. Ohio 2007) (quoting *State v. McMillen,* No. 01CA564, 2002 WL 1370655, at *2 (Ohio Ct. App. June 13, 2002) (citing cases)).

Here, petitioner's sentence was "authorized by law" because the sentence jointly recommended by the State and petitioner and imposed by the trial court did not violate the dictates of *Blakely*. In *Blakely,* the United States Supreme Court held that an enhanced sentence imposed by a judge under a state's sentencing statute, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. The defendant in *Blakely* entered a guilty plea and, pursuant to the plea agreement, the state recommended a sentence within the standard range of 49 to 53 months. *Id*. at 300. The trial judge rejected the recommended sentence and, instead, imposed an exceptional sentence of 90 months based upon his own finding, by a preponderance of the evidence, that the defendant had acted with "deliberate cruelty." 542 U.S. at 302-304. The Supreme Court reversed the defendant's sentence imposed under the state's determinate sentencing scheme after finding the trial judge had enhanced the defendant's kidnaping sentence beyond the statutory maximum based upon facts neither admitted to by the defendant nor found by the jury. *Id*. at 303. The Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Blakely,* 542 U.S. at 303. Importantly, the *Blakely* Court clarified that "the 'statutory maximum' . . . is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Id.*

In the instant case, petitioner was sentenced on one count of possession of marijuana, one

count of trafficking in marijuana, and one count of having weapons while under disability in exchange for a total sentence of eight years and the dismissal of the remaining counts of the indictment pursuant to a plea agreement. (Doc. 6, Exh. 2; Exh. 13, Tr. 6-7). Contrary to petitioner's contention, his sentence does not violate *Blakely* because the trial court did not base petitioner's non-minimum sentence on factual findings, but rather accepted and imposed the parties' agreed-upon sentence. (Doc. 6, Exh. 2; Exh. 13, Tr. 6-7). A stipulated sentence made pursuant to a plea agreement removes the onus of fact-finding from the trial court under Ohio law. The Supreme Court of Ohio has held that "[o]nce a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence." *State v. Porterfield*, 106 Ohio St.3d 5, 829 N.E.2d 690 (2005).[3] Because a *Blakely* claim "is premised upon the need for a jury to make certain statutorily required sentencing findings," *State v. Brown*, 2006 WL 225524, *3 (Ohio Ct.

---

[3] In *Porterfield*, the State Court of Appeals reversed the defendant's sentence based on the trial court's failure to comply with *State v. Comer,* 99 Ohio St.3d 463, 793 N.E.2d 473 (2003), which required that a trial court articulate both "findings" for imposing consecutive sentences and "reasons" for those findings. The Supreme Court of Ohio reversed, reasoning:

> Porterfield's sentence was entered pursuant to a plea bargain in which Porterfield agreed to the precise sentence that was imposed. "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." R.C. 2953.08(D). Porterfield's sentence was authorized by law, was recommended jointly by him and the prosecution, and was imposed by a sentencing judge. Pursuant to R.C. 2953.08(D), Porterfield's sentence is not subject to review. *Comer* cannot be applied here. The General Assembly intended a jointly agreed-upon sentence to be protected from review precisely because the parties agreed that the sentence is appropriate. *Once a defendant stipulates that a particular sentence is justified, the sentencing judge no longer needs to independently justify the sentence.* Pursuant to R.C. 2953.08(D), the trial court's compliance with R.C. 2929.19 and *Comer* was not required.

*State v. Porterfield*, 106 Ohio St.3d 5, 9-10, 829 N.E.2d 690, 694 (2005) (emphasis added).

Although the Ohio Supreme Court subsequently struck down as unconstitutional several provisions of Ohio's sentencing law in *State v. Foster,* 109 Ohio St.3d 1, 845 N.E.2d 470 (2006), Section 2953.08(D) was not among the provisions severed. "Nor did *Foster* change the statutory range of punishments. Thus, any sentence imposed upon an offender that falls within the statutory range of available sentences still remains a sentence 'authorized by law'" under R.C. 2953.08(D). *State v. Billups*, 2007 WL 853335, *2 (Ohio App. 10 Dist. 2007).

App. 10 Dist. 2006), where the parties agree to a particular sentence and jointly recommend the sentence, no findings are statutorily required to impose the sentence under Ohio law. *See Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, at ¶ 25-26. "As there is no statutory requirement that findings be made, *Apprendi* and *Blakely* are inapplicable to [a] defendant's . . . sentence." *State v. Brown*, 2006 WL 225524, *3 (citing *State v. Ranta,* 2005 WL 1705744, *3 (Ohio Ct. App. 8 Dist. 2005)) ("*Blakely* addresses only those instances in which a judge makes findings statutorily required for the imposition of certain sentences. Because we conclude in the case at bar that as a result of the plea agreement no findings were required, *Blakely* does not apply for this very specific reason").[4]

Indeed, in an analogous case, this Court has recognized that "by agreeing as a term of the plea bargain to a specified prison sentence . . . petitioner waived any argument that such sentence was imposed under statutory standards held to be unconstitutional by the [Ohio] Supreme Court in *State v. Foster,* 845 N.E.2d 470 (Ohio 2006), in light of *Blakely*. . . ." *Todd v. Wolfe,* No. 1:05cv737, 2007 WL 951616, at *5 (S.D. Ohio Mar. 28, 2007) (Spiegel, S.J.) (unpublished) (citing numerous Ohio appellate court decisions). *See also Warren v. Warden, Noble Correctional Inst.*, 2008 WL 1732976, *5 (S.D. Ohio 2008) (Barrett, J.); *Carley v. Hudson,* 563 F. Supp.2d 760, 778 (N.D. Ohio 2008); *Rockwell v. Hudson*, 2007 WL 892985, *7 (N.D. Ohio 2007).[5]

---

[4] *See also State v. Spurling*, 2007 WL 624993, *3 (Ohio Ct. App. 1 Dist. 2007); *State v. Woods*, 2006 WL 1284613, *2 (Ohio Ct. App. 2 Dist. 2006); *State v. Giesey,* 2006 WL 3771982, *2 (Ohio Ct. App. 3 Dist. 2006); *State v. Kimble*, 2006 WL 3350483, *5 (Ohio Ct. App. 11 Dist. 2006); *State v. Bower*, 2006 WL 3530134, *3 (Ohio Ct. App. 4 Dist. 2006); *State v. Carrico*, 2007 WL 427909, *3 (Ohio Ct. App. 5 Dist. 2007); *State v. Nguyen*, 2007 WL 1229306, *5 (Ohio Ct. App. 6 Dist. 2007); *State v. Jackson*, 2006 WL 1705133, *9 (Ohio Ct. App. 8 Dist. 2006); *State v. Billups*, 2007 WL 853335, *2 (Ohio Ct. App. 10 Dist. 2007); *State v. Kimble*, 2006 WL 3350483, *5 (Ohio Ct. App. 11 Dist. 2006).

[5] The undersigned acknowledges there is a contrary decision from the Columbus Division of this Court. *See Friley v. Wolfe*, 2006 WL 3420209 (S.D. Ohio Nov. 27, 2006) (Marbley, J.). However, for the reasons set forth in *Warren v. Warden, Noble Correctional Inst.*, 2008 WL 1732976, *5, *16-17 (S.D. Ohio 2008), the Court declines

12

A number of federal circuit courts have applied a similar rationale to defendants seeking to challenge their federal sentences in light of the Supreme Court's post-*Blakely* decision – *United States v. Booker*, 543 U.S. 220, 224 (2005), wherein the Court held that the Sixth Amendment as construed in *Blakely* applied to the federal Sentencing Guidelines and thus any fact (other than a prior conviction) which increases a sentence beyond the statutory maximum must be presented to a jury and proved beyond a reasonable doubt. *See, e.g., United States v. Pacheco-Navarette,* 432 F.3d 967, 971 (9th Cir. 2005) (concluding that remand for re-sentencing was "not required to comport with *Booker*" in case "where a defendant was sentenced after pleading guilty to a plea agreement that included a specific sentence stipulation that did not exceed the statutory maximum and was not contingent upon the Guidelines"), *cert. denied,* 127 S.Ct. 197 (2006).[6]

Petitioner's sentence was not increased beyond the eight years stipulated to in the plea agreement. Petitioner's sentence was based on the facts he admitted and the sentence he stipulated to, and not on any facts found solely by the trial court. The trial judge's sentence arose directly

---

to follow *Friley*.

[6] *See also United States v. Silva,* 413 F.3d 1283, 1284 (10th Cir. 2005) (and cases cited therein) (holding that a defendant, who had bargained for a certain sentence in the plea agreement and thus had "voluntarily exposed himself to a specific punishment," could not "now claim he was the victim of a mandatory sentencing scheme" held to be unconstitutional in *Booker*); *United States v. Cieslowski,* 410 F.3d 353, 363-64 (7th Cir. 2005) (holding that *Booker,* which "is concerned with sentences arising under the Guidelines," is inapplicable to a "sentence imposed under a Rule 11(c)(1)(C) plea[, which] arises directly from the agreement itself, not from the Guidelines, even though the court can and should consult the Guidelines in deciding whether to accept the plea"), *cert. denied,* 126 S.Ct. 1021 (2006); *United States v. Sahlin,* 399 F.3d 27, 32-33 (1st Cir. 2005) (rejecting claim that a portion of the defendant's sentence due to an enhancement should be vacated "on the basis that [under *Booker*] either the jury should have decided the facts leading to the enhancement, or the judge should have done so by proof beyond a reasonable doubt," because when the defendant "and the government jointly stipulated to the enhancement and the sentencing increase resulting from the enhancement, the district court was bound by this stipulation once it accepted the plea agreement[;]" the court thus did not "engage in fact finding in order to apply the enhancement," but rather "merely applied the terms of the plea agreement, to which it was bound"). In *Sahlin,* the First Circuit also considered the defendant's claim that his guilty plea was "wrongly accepted, because it was based on his understanding of sentencing procedures, which was rendered erroneous by *Booker*." *Sahlin,* 399 F.3d at 30. The court rejected that claim, reasoning in relevant part that the defendant "was in fact sentenced under the mandatory scheme that he expected. And the possibility of a favorable change in the law occurring after a plea is one of the normal risks that accompany a guilty plea." *Id.* at 31 (quoting *Brady v. United States,* 397 U.S. 742, 757 (1970)) ("[A] voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise.").

from the plea agreement itself and not on any judicially-found facts. The trial court accepted the terms bargained for by the parties and, under these circumstances, petitioner's sentence did not violate the Sixth Amendment or *Blakely*, and was therefore "authorized by law" under the Ohio statute. Since petitioner had no right to appeal an agreed-upon sentence which was authorized by law, any alleged failure to inform him of any appeal rights in addition to those of which he was already informed does not rise to the level of a constitutional violation. *See Galyen v. Moore*, 2007 WL 1452637, *7 (S.D. Ohio 2007) (Rose, J.).

Accordingly, petitioner's first ground for relief is without merit and should be denied.

**IV. GROUNDS TWO AND THREE ARE WITHOUT MERIT**

Ground Two of the petition alleges that petitioner was sentenced in violation of the Sixth Amendment and *Blakely v. Washington*, 542 U.S. 296 (2004). Petitioner asserts that the trial court erred by imposing non-minimum sentences based on facts not admitted to by petitioner nor found beyond a reasonable doubt by a jury in violation of *Blakely*. Ground Three of the petition asserts that "[t]rial counsel [was] ineffective for inducing petitioner to agree to a sentence that was contrary to law and unauthorized under the *Apprendi-Blakely* rule." (Doc. 1 at 9).

As discussed above, *Blakely* does not apply in a case such as this where there is an agreed-to sentence which did not require any additional fact-finding by the sentencing judge. Therefore, petitioner's claim of a *Blakely* violation alleged in Ground Two of the petition lacks merit.

Likewise, the ineffective assistance of counsel claim alleged in Ground Three of the petition which is based on counsel's alleged failure to advise petitioner against accepting an agreed-to sentence "that was contrary to law and unauthorized under the *Apprendi-Blakely* rule" is without

14

merit. Since petitioner's *Blakely* claim lacks merit, counsel's failure to advise petitioner to the contrary did not prejudice his defense and does not amount to a violation of the Sixth Amendment. *See Strickland v. Washington,* 466 U.S. 668, 694 (1984).

Accordingly, the claims alleged in Grounds Two and Three of the petition should be denied.[7]

## V. GROUND FOUR OF THE PETITION IS WITHOUT MERIT.

Ground Four of the petition asserts that "[r]elief in federal habeas corpus must be made permanent under due process and equal protection clauses." (Doc. 1 at 10). Petitioner contends that any remand for resentencing in this case will subject him "to ex post facto and double jeopardy violations." *Id*.

Ground Four challenges the constitutionality of the remedy issued upon any granting of the writ. Since petitioner's substantive claims alleged in Grounds One through Three of the petition are without merit, petitioner is not entitled to the issuance of a writ of habeas corpus. Therefore, the claim alleged in Ground Four of the petition fails to provide any basis for federal habeas corpus relief and should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) should be DENIED with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the

---

[7] Because the Court recommends Grounds Two and Three of the petition be denied on the merits, the Court need not address the statute of limitations and procedural default arguments raised by respondent.

petition because petitioner has failed to make a substantial showing of the denial of a constitutional right based on these claims.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      3.  The Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, DENY petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  10/14/2008                              s/Timothy S. Black  
     Kl                                             Timothy S. Black  
                                                    United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHARLES CRENSHAW,
    Petitioner,

vs.

RONALD HART, WARDEN,
    Respondent.

Civil Action No. 1:07-cv-575

Beckwith, J.
Black, M.J.

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).